IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Blake Rochester,<br><br>                Plaintiff,<br>vs.<br><br>Sgt. Blakeley, Sgt. Perry Corr.; Cpl. Borem, Cpl. Perry Corr.,<br><br>                Defendants. | Civil Action No. 0:19-cv-841-CMC<br><br>**ORDER** |

      This matter is before the court on Plaintiff's Complaint filed March 20, 2019. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

      On January 8, 2020, Defendants filed a motion for summary judgment. ECF No. 40. Because Plaintiff is proceeding *pro se*, the court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 42. Plaintiff's response was due February 10, 2020. *Id.* On February 19, 2020, the Magistrate Judge entered an order directing Plaintiff to advise the court whether he wished to continue with this case and file a response to Defendants' motion for summary judgment. ECF No. 45. Plaintiff was warned if he failed to respond, the action would be recommended for dismissal for failure to prosecute. No response was filed. On March 10, 2020, the Magistrate Judge entered a Report recommending the action be dismissed with prejudice for lack of prosecution and that pending motions be terminated. ECF No. 48.

Plaintiff filed a motion for extension of time to file a response to the motion for summary judgment on April 8, 2020. EF No. 53. He acknowledged his response is late, but notes he has been on suicide watch and moved to different institutions without access to his property and legal work. He requested an extension through April 21, 2020. *Id.* This motion was granted by the court, with the response extended to May 1, 2020. ECF No. 54. On May 8, 2020, Plaintiff filed a second request for extension of time, seeking "just one more extension to file a response to defendants summary judgment." ECF No. 58. He also requested a copy of the summary judgment motion, as he did not have access to his legal materials. *Id.* This motion was granted, his response date was extended to June 10, 2020, and a copy of Defendants' summary judgment motion was mailed to Plaintiff along with the text order granting his motion. ECF Nos. 59, 60. As of June 26, 2020 (well past the date established by the second extension), Plaintiff has failed to file a response to the summary judgment motion or to request a further extension.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation this matter should be dismissed, as Plaintiff has failed to submit a response to the motion for summary judgment despite numerous warnings and extensions in which to do so.  The court is aware these are challenging times for inmates; however, Plaintiff chose to file this case and the court cannot hold it open indefinitely.  Accordingly, the court adopts the Report by reference in this Order.[1]  As Plaintiff was specifically warned of the possibility of dismissal if he did not respond to the Magistrate Judge's Order, this action is hereby dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."). Defendants' motion to dismiss (ECF No. 40) is dismissed as moot.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 30, 2020

---

[1] Although the Report recommends dismissal with prejudice, in view of Plaintiff's failure to respond after requests for extensions of time, the court finds dismissal without prejudice more appropriate.

3